UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTONIO MARTINEZ, JR.,** | **CASE NO. 1:22-CV-1134 AWI SKO** |
| **Plaintiff** | |
| v. | **ORDER CONSOLIDATING AND MERGING CASES AND ORDER FOR THE FILING A UNIFIED COMPLAINT** |
| **BRUCE P., et al.,** | |
| **Defendants** | |
| ———————————————— | |
| **ANTONIO MARTINEZ, JR.,** | **CASE NO. 1:22-CV-1135 AWI SKO** |
| **Plaintiff** | |
| v. | |
| **BRUCE P., et al.,** | |
| **Defendants** | |
| ———————————————— | |
| **ANTONIO MARTINEZ, JR.,** | **CASE NO. 1:22-CV-1136 AWI SKO** |
| **Plaintiff** | |
| v. | |
| **BRUCE P., et al.,** | |
| **Defendants** | |
| ———————————————— | |
| **ANTONIO MARTINEZ, JR.,** | **CASE NO. 1:22-CV-1137 AWI SKO** |
| **Plaintiff** | |
| v. | |
| **BRUCE P., et al.,** | |
| **Defendants** | |

| | |
|---|---|
| 1  **ANTONIO MARTINEZ, JR.,** | **CASE NO. 1:22-CV-1201 AWI SKO** |
| 2          **Plaintiff** | |
| 3 | |
| 4      v. | |
| 5  **BRUCE P., et al.,** | |
| 6          **Defendants** | |

On December 8, 2022, the Court related and reassigned the above cases. E.g. Doc. No. 9 in Case No. 1:22-cv-1137 AWI SKO. As part of that order, the Court required the parties to show cause why these cases should not be consolidated and merged into a single case. See id. The Court warned the parties that a failure to file a timely response would be construed as a non-opposition. See id. The time for the parties to respond to the order to show cause has now passed, and no party filed a response of any kind. Consistent with the order to show cause, the Court construes the parties' silence to be a united non-opposition. Cf. id.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016); Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

Here, it appears that there are common questions of law or fact with respect to the above

1 cases. The Complaints in each case involve the packing and/or labeling practices of Defendant Porterville Citrus, Inc., through instructions to Plaintiff from individual Defendants, who appear to be managers or officers of Porterville Citrus, Inc. Moreover, no party objects to consolidating the above cases. Given the similarity between these cases and the parties' collective non-opposition, the Court will consolidate and merge these cases into one case for all purposes. Cf. Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist. LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011).

With the consolidation of all five cases, the Court will order Plaintiff to file a single unified complaint in Case No. 1:22-cv-1134 AWI SKO. The unified complaint should list all defendants and all claims from the above five consolidated cases. Once Plaintiff has filed his single unified complaint, Defendants will be able to file an appropriate response thereto.

Additionally, the Court notes that Plaintiff is proceeding pro se. Given his pro se status, the filing of five separate lawsuits is understandable. Considering Plaintiff's pro se status, as well as the nature and similarity of the complaints that were filed, the Court will exercise its discretion and order the Clerk's office to refund the filing fee of the four cases that will be closed through consolidation (Case Nos. 1:22-cv-1135 AWI SKO, 1:22-cv-1136 AWI SKO, 1:22-cv-1137 AWI SKO, and 1:22-cv-1201 AWI SKO).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that

1. The Clerk shall consolidate *Martinez v. Bruce P., et al.*, 1:22-CV-1135 AWI SKO, *Martinez v. Bruce P., et al.*, 1:22-CV-1136 AWI SKO, *Martinez v. Bruce P., et al.*, 1:22-CV-1137 AWI SKO, *Martinez v. Bruce P., et al.*, 1:22-CV-1201 AWI SKO with *Martinez v. Bruce P., et al.*, 1:22-CV-1134 AWI SKO for all purposes;

2. All future filings and correspondences shall use case number 1:22-CV-1134 AWI SKO;

3. The Clerk shall administratively close *Martinez v. Bruce P., et al.*, 1:22-CV-1135 AWI SKO, *Martinez v. Bruce P., et al.*, 1:22-CV-1136 AWI SKO, *Martinez v. Bruce P., et al.*, 1:22-CV-1137 AWI SKO, *Martinez v. Bruce P., et al.*, and 1:22-CV-1201 AWI SKO;

4. No later than twenty-eight (28) days from the service of this order, Plaintiff shall file a single unified complaint that contains all defendants and all claims from each of the five separate (but now consolidated) cases;

5. No later than twenty-one (21) days from service of the single unified complaint, Defendants shall file an appropriate response to the unified complaint;

6. The Clerk's Office/Financial Services Division of this Court shall refund to Plaintiff the filing fee for Case Nos. 1:22-cv-1135 AWI SKO, 1:22-cv-1136 AWI SKO, 1:22-cv-1137 AWI SKO, and 1:22-cv-1201 AWI SKO; and

7. The Clerk shall serve a copy of this order on the Financial Services Division of this Court in order to process Plaintiff's refund.

IT IS SO ORDERED.

Dated:   January 11, 2023

SENIOR  DISTRICT  JUDGE